## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VIRGILIO ROSADO-SANTANA** | CIVIL NO. 24-1266 |
| PLAINTIFF | |
| VS. | DISCRIMINATION BASED ON AGE, DISCRIMINATION BASED ON SEX, AND TORT DAMAGES |
| **TELEVICENTRO OF PUERTO RICO, LLC d/b/a WAPA-TV d/b/a CANAL 4; INSURANCE COMPANY XYZ; COMPANY ABC; JOHN & JANE DOE.** | TRIAL BY JURY DEMANDED |
| DEFENDANTS | |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW,** Virgilio Rosado-Santana, ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff works for Televicentro of Puerto Rico, LLC d/b/a WAPA-TV d/b/a Canal 4 ("Defendant") since approximately November of 1999. In the past year, the Plaintiff was treated unequally when compared to younger female applicants with regards to a job application and/or orientation to become a news reporter for the Defendant. The Plaintiff had submitted approximately seventeen (17) job applications to become a news reporter, but the Defendant opts to hire and retain younger female applicants. In light of this discriminatory treatment, the Plaintiff has been stripped from the opportunity of growth in his professional career and became a news reporter for the Defendant.

2. Such actions constitute a disparate treatment by the Defendant based on discrimination based on age and sex pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Age Discrimination in Employment Act ("ADEA"), causing damages to the Plaintiff.

3. Plaintiff files this civil action against the Defendant based on the following: Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959 ("Law 100"), 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico ("PR Constitution"); Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a) *et seq.,* Puerto Rico's Law No. 69 of July 6, 1985 ("Law 69"), 29 LPRA sec. 1321 *et seq.*, and Section 1 of Article II of the PR Constitution; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful and discriminatory adverse actions against the Plaintiff, based on his discrimination claims. In addition, Plaintiff seeks other specific remedies that restore him to the position that he would have held in the absence of the retaliation and discrimination.

**JURISDICTION AND VENUE**

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Title VII and ADEA.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus

of operative facts. Specifically, Plaintiff files this action pursuant to Law 100, Law 69, the PR Constitution and the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff filed timely charges of retaliation before the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. A Notice of Right to Sue from the EEOC was received by the Plaintiff on June 1st, 2024. Plaintiff thus filed this timely Complaint within ninety (90) days of receipt of the EEOC's Notification of Right to Sue.

9. Plaintiff demands that all causes of action be tried before a jury.

## PARTIES

10. Plaintiff, Virgilio Rosado-Santana ("Plaintiff") is of legal age, domiciled and resident of Toa Alta, Puerto Rico. Plaintiff's postal address is RR-4 Box 827904, Toa Alta, PR 00953-9430. Plaintiff's e-mail address is billyrosado@gmail.com. Plaintiff's mobile number is 787-354-0492.

11. Defendant Televicentro of Puerto Rico, LLC d/b/a WAPA TV d/b/a Canal 4 ("Defendant"), is a Company organized under the laws of Delaware and Puerto Rico who are duly authorized to do business in the Commonwealth of Puerto Rico. This company is dedicated to providing television broadcasting. Defendant's designated office address is c/o RVM Professional Services, LLC, A4 Reparto Mendoza, Humacao, PR, 00791. Defendant's resident agent is The Corporation Service Company Puerto Rico, Inc., with the same address of c/o RVM Professional

Services, LLC, A4 Reparto Mendoza, Humacao, PR, 00791. Plaintiff reserves the right to amend the Complaint once more information is discovered.

12. Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendant. At the time of the discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe ("Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

## THE FACTS

1. Defendant is a company dedicated to providing television broadcasting.

2. Defendant provides television broadcasting in the local Channel 4 ("Canal 4") of Puerto Rico, under the name of WAPA-TV.

3. Defendant has more than five hundred (500) employees.

4. Plaintiff is over forty (40) years of age.

5. Plaintiff's sex is male.

6. Plaintiff was born in May 1st, 1968.

7. The Plaintiff began his employment with Defendant approximately on November of 1999.

8. Since the Plaintiff was hired, the Plaintiff has held the following positions: video-tape operator, exterior department technician, and photojournalist.

9. During the course of the twenty-four (24) years that the Plaintiff has been working with the Defendant, the Plaintiff fulfilled with his job duties and provided excellent service.

10. Between the years of 2015 to 2020, the Plaintiff had been applying for jobs for reporting positions that were announced by the Defendant. The Plaintiff understood that he met all the requirements for the reporting positions.

11. However, the Defendant never gave the Plaintiff the opportunity and did not hire the Plaintiff for these reporting positions.

12. The Plaintiff filed a first Charge of Discrimination against the Defendant before the Equal Employment Opportunity Commission ("EEOC"), which was given the case number 515-2019-00435.

13. After obtaining a favorable determination from the EEOC, the EEOC issued a "Notice of Right to Sue." With said Notice of Right to Sue, the Plaintiff filed a judicial claim against the Defendant.

14. After processing the judicial claim against the Defendant for the events that occurred between the years of 2015 to 2020, the Plaintiff reached an agreement with the Defendant.

15. In said agreement, the Defendant agreed to give me the opportunity to work as a reporter under the condition of "experience training" for ninety (90) days.

16. Said "experience training" condition consisted of the Defendant going to train me and the Defendant creating an evaluation panel that was going to evaluate the Plaintiff's execution and performance every two (2) weeks during informative meetings.

17. At the beginning of April, the Plaintiff started going to his workplace thinking that the Plaintiff was going to work as a reporter under the condition of "experience training."

18. However, the Defendant failed to comply with said "experience training" condition pursuant to agreement, since at no time did the Defendant train the Plaintiff and they did not hold meetings with an evaluation panel every two (2) weeks.

19. Instead, the Defendant isolated the Plaintiff and left the Plaintiff alone on the premises of the news department, since they assigned the Plaintiff an irregular schedule from 3 pm to 12 am. This schedule was irregular, since the other reporters were assigned earlier schedules, starting at 8 am to 10 am, or 2 pm. However, they left the Plaintiff alone in the news department until midnight, that is, 12 am. No Reporter was assigned at 3 pm.

20. During this period from April to September of 2023, two vacant reporter positions arose.

21. In the month of April of 2023, a first vacant reporter position arose, which the Plaintiff applied for.

22. However, the first vacant reporter position was given to a female reporter younger than the Plaintiff, named Jamiebeth Gonzalez.

23. Later in the month of August of 2023, a second vacant reporter position arose, which the Plaintiff requested.

24. However, the second vacant reporter position was given to a female reporter younger than the Plaintiff, named Luisa Benitez.

25. The Plaintiff understands that the Defendant discriminated against the Plaintiff based on age and sex, since the Defendant treated me unequally because 1) the Defendant did not train me and they did not hold meetings with an evaluation panel every two (2) weeks pursuant to the agreement, and 2) the Defendant rejected the Plaintiff's job applications for the reporter position and the Defendant instead provided said reporter positions to two women younger than the Plaintiff.

26. The Defendant and Supervisor took discriminatory actions against the Plaintiff, depriving the Plaintiff from obtaining the reporter position in order to grow in his professional career and obtain a higher wage.

27. The Defendant illegally took adverse actions against the Plaintiff in violation of anti-discrimination under federal and state laws.

28. As a result of the illegal adverse actions by the Defendant, the Plaintiff filed a Charge of Discrimination based on discrimination before the EEOC on October of 2023. Said Charge of Discrimination was designated the case number 515-2024-00021.

29. Company ABC was the parent company or an affiliated company of the Defendant. Company ABC had knowledge of Defendant's discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the Defendant. Company ABC allowed the Defendant to discriminate against the Plaintiff.

30. John & Jane Doe had knowledge of Defendant's discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid the discriminatory actions incurred by the Defendant. John & Jane Doe allowed the Defendant to discriminate against the Plaintiff.

31. At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendant, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

32. Because of these illegal adverse actions, the Plaintiff has suffered economic damages due to the deprivation of his compensation and benefits.

33. Because of these illegal adverse actions, the Plaintiff has suffered emotional damages due to depression, lost sleep, rest and humiliation of his professional reputation. Plaintiff has been at loss of his peace of mind and emotional stability.

34. The Defendant is liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON AGE AND SEX

35. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

36. Defendant's discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's age and sex.

37. At the moment that the Defendant's incurred in the discriminatory conduct, the Plaintiff was performing his job well enough to meet the Defendant's legitimate expectations.

38. Defendant's conduct against the Plaintiff constitutes discrimination based on age and sex pursuant to Title VII, ADE, Law 100, Law 69 and Section 1 of Article II of the PR Constitution.

39. As a proximate result of Defendant's discriminatory practice, Plaintiff has suffered intensely, has been deprived of his means of livelihood, has suffered economic losses and has been emotionally injured.

40. As a result of Defendant's discriminatory practices, Plaintiff lost the compensation and benefits he was entitled to.

41. Defendant is liable to Plaintiff for the back pay and front pay he was entitled had he maintained his position pursuant to Title VII, ADE, Law 100 and Law 69.

42. The difference in Plaintiff's compensation and benefits due to the deprivation of the job opportunity as a reporter is approximately no less than twenty thousand dollars ($20,000.00) annually, based on the difference between the salary and benefits of the job position of the reporter when compared to the job position of the photojournalist.

43. Defendant is liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay and front pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

44. Pursuant to Title VII and ADEA, Defendant's discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

45. In the alternative, an adequate remedy under Law 100 and Law 69, Defendant is liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiff's rights.

46. The adverse actions taken against the Plaintiff was the culmination of Defendant's discriminatory practice against the Plaintiff because of his age.

47. Defendant is liable to Plaintiff under this cause of action, pursuant to Title VII, ADEA, Law 100, Law 69 and the PR Constitution, in excess of four hundred thousand dollars ($400,000.00).

48. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against him.

49. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than four hundred thousand dollars ($400,000.00), which times two equals eight hundred thousand dollars ($800,000.00).

## SECOND CAUSE OF ACTION

## TORTS DAMAGES

50. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

51. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

52. Defendants are liable to Plaintiff pursuant to the PRCC.

53. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

54. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

55. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

56. Company ABC is liable to Plaintiff pursuant to the PRCC.

57. The Supervisor's actions as officer and/or employee of the Defendants constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

58. Therefore, Defendants are vicariously liable for damages caused by their officers and/or employees in their service pursuant to the PRCC.

59. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

60. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

61. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

62. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

### THIRD CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

63. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

64. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

### FOURTH CAUSE OF ACTION

**ATTORNEYS FEES AND PREJUDGMENT INTEREST**

65. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

66. Defendant is liable to Plaintiff for attorney's fees and costs under Title VII and ADEA.

67. Defendant is also liable to Plaintiff for attorney's fees under Law 100, Law 69, Law 115 and Law 80.

68. Defendant is liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

**DEMAND FOR JURY TRIAL**

69. Plaintiff demand a trial by jury as to all claims and issues alleged herein

**PRAYER**

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Age pursuant to ADEA, 29 USC sec. 621 *et seq.*, Law 100, 29 LPRA sec. 146 *et seq.,* and Section 1 of Article II of the PR Constitution; Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a) *et seq.,* Law 69, 29 LPRA sec. 1321 *et seq.*, and Section 1 of Article II of the PR Constitution; and Tort Damages pursuant to the PRCC.

2. An order directing Defendant to reinstate Plaintiff to his former position and to cease and desist of any further retaliatory and discriminatory conduct on the basis of age and sex.

3. Awarding plaintiff back pay and front pay, together with interest, for the period that Plaintiff was deprived of his salary, as it was awarded to other employees in his previous position.

4. Awarding the Plaintiff punitive and liquidated damages equal to twice the back pay, front pay and fringe benefits lost by the Plaintiff.

5. Awarding the Plaintiff lost benefits, both past and future.

6. Awarding the Plaintiff the sum amounts before mentioned in the Complaint which includes the double compensatory damages.

7. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

8. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 6th day of June, 2024.

*/S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Tel: (787) 727-5710
Cel: (787) 565-3477
E-Mail: victorriverarios@rcrtrblaw.com
info.vrr@rcrtrblaw.com